Christopher Seidman (licensed in New York)
Harmon & Seidman LLC
101 S. Third Street, Suite 265
Grand Junction, CO 81501
(970) 245-9075
Email: chris@harmonseidman.com

Maurice Harmon (of counsel)
Harmon & Seidman LLC
11 Chestnut Street
New Hope, PA 18938
(917) 561-443
Email: maurice@harmonseidman.com

Autumn Witt Boyd (of counsel)
Harmon & Seidman LLC
P.O. Box 4932
Chattanooga, TN 37405
(423) 756-6013
Email: autumn@harmonseidman.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
ROBERT LEWINE,                                      :
    Plaintiff,                                    :   CASE NO:
                                                    :
v.                                                  :   **COMPLAINT**
                                                    :
SCHOLASTIC CORPORATION,                             :   Jury Trial Demanded
    Defendant.                                    :
---------------------------------------------------------------X

Plaintiff Robert Lewine ("Lewine"), by his undersigned attorneys, brings these claims against Defendant Scholastic Corporation as follows:

**NATURE OF CLAIMS**

1. This is an action for copyright infringement brought by Lewine, the holder of all copyrights to the photographs described hereafter and originally licensed for limited use by Scholastic Corporation ("Scholastic"), against Defendant Scholastic for uses of Lewine's photographs without his authority or permission, and breach of contract.

## PARTIES

2. Lewine is an independent professional photographer who is a United States citizen and who resides in Los Angeles, California.

3. Scholastic is a publisher of educational textbooks and a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York. Scholastic sells and distributes textbooks via its employees and agents throughout the United States, including the publications and ancillary materials containing Lewine's photographs. At all times pertinent to the allegations herein, Scholastic acted through its various imprints and divisions, as identified in Exhibit A where information is available.

## JURISDICTION

4. This is an action for injunctive relief, monetary damages and interest under the copyright laws of the United States, and breach of contract under New York common law. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1338 (copyright) and 1367 (supplemental jurisdiction over related contract claims that are part of the same case or controversy) and 1338 (copyright).

5. In the alternative, this Court has jurisdiction over the subject matter of Lewine's breach of contract claims against Scholastic pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 and is between citizens of different states.

## VENUE

6. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

## FACTS COMMON TO ALL COUNTS

7. Lewine is the author and owner of an exclusive right under the copyright in the attached

photographic images ("Photographs") depicted in Exhibit A hereto.

8. The Photographs have been validly registered with the United States Copyright Office as set forth in Exhibit A, or are pending registration, as set forth in Exhibit A.

9. Lewine delivered the completed application, deposit, and fee for the Photograph identified on Exhibit A as "pending" registration. The Copyright Office has not yet issued registration numbers for this image.

10. Lewine authorized The Stock Market Photo Agency of New York, Inc. ("TSM"), a stock photo licensing agency, to issue limited licenses for use of his images by third parties, in exchange for reasonable license fees. A true and correct copy of the relevant agreements between Lewine and TSM ("TSM Agreement") are attached hereto as Exhibit B, and incorporated herein.

11. Lewine "appoint[ed] [TSM] as [his] exclusive agent in the U.S. and worldwide through STOCKNET, with respect to the license of [his] images, limited to those images created by [Lewine] as shall be delivered by [him] to [TSM] and accepted by [TSM]." Exhibit B.

12. Lewine did not permit TSM to grant royalty-free, unlimited licenses of his works, until he entered a royalty-free agreement on September 9, 1999.

13. Though Lewine authorized these, and other, third-party agents to issue licenses for limited use of the Photographs, Lewine at all times retained ownership of the copyrights and complete legal title in the Photographs.

14. After Lewine entered into licensing agreements with TSM, licensing agency Corbis Corporation ("Corbis") acquired TSM in 2000, along with the right to license Lewine's images, and continued to license Lewine's images for limited use to Scholastic, described in Exhibit A, until Lewine terminated his contract in 2002. In acquiring TSM, Corbis assumed all of TSM's

contractual rights and obligations.

*Copyright Infringement*

15.     Upon information and belief, in response to permission requests from Scholastic, between 1996 and 2008, TSM and Corbis sold Scholastic limited licenses to use copies of the Photographs in numerous educational publications. *See* Exhibit A, which is a summary report of information from Lewine's royalty statements from TSM and Corbis. Exhibit A identifies Lewine's image ID; copyright registration number and date (except where registration is pending); the TSM or Corbis Invoice number and date; and the Scholastic imprint that licensed Lewine's image(s).

16.     Upon information and belief, the invoices identified on Exhibit A did not grant royalty-free or unlimited licenses to Scholastic.

17.     At the time Scholastic represented to these agencies in its permission requests that it needed specified, limited licenses to use the Photographs, upon information and belief, Scholastic often knew its actual uses under the licenses would exceed the usage rights it was requesting and paying for.

18.     Upon information and belief, Scholastic intended by its misrepresentations to obtain access to the Photographs at a lower cost than it would have paid had it been honest in its dealings and to conceal the copyright infringements that followed. Upon information and belief, Scholastic was successful and achieved both these wrongful ends.

19.     Upon information and belief, after initially obtaining the Photographs from TSM or Corbis, Scholastic used the Photographs in ways that were not permitted under the limited licenses Scholastic had obtained, as well as other as-yet-undisclosed licenses issued by Corbis or other agencies to Scholastic for use of Lewine's images.

20.     Exhibit A to the Complaint identifies the Photographs Lewine alleges, upon information and belief, Scholastic infringed, as well as the invoice date, after which Lewine alleges, upon information and belief, Scholastic infringed.  Specifically, Lewine alleges Scholastic copied the Photographs in numbers exceeding the limited print quantities in the licenses, displayed the Photographs online or in digital media without permission to do so, distributed the Photographs in geographic territories that were not authorized, copied the Photographs in custom, state-specific, language, or international editions without permission to do so, or used the Photographs without permission, unrelated to any license.

21.     On November 16, 2011, Lewine, through his counsel, notified Corbis in writing that he wished to pursue legal action against textbook publishers for unauthorized use of his copyrighted work.

22.     Before Lewine filed this case, Lewine requested that Corbis produce the actual invoices it issued to textbook publishers for use of Lewine's photographs.  Corbis refused to do so.

23.     Before Lewine filed this case, Lewine also asked Scholastic for information regarding its uses of Scholastic's Photographs in connection with certain TSM and Corbis licenses.  Scholastic has refused to provide the requested information.

24.     Upon information and belief, Scholastic has the ability to generate reports showing its uses of copyrighted photographs in its publications.  Thus, if Scholastic had chosen to do so, it could have responded to Lewine's request for information regarding its uses of Lewine's Photographs by generating a report showing its uses of Lewine's Photographs in its publications, which would have allowed the parties to explore a resolution of Lewine's copyright infringement claims without litigation.  Furthermore, if Scholastic had disclosed its usage of Lewine's Photographs, even if the parties had been unable to resolve Lewine's copyright infringement

claims without litigation, the number of Photographs at issue in this litigation could have been reduced if Scholastic had shown which, if any, of its uses were not infringing.

25.     Upon information and belief, Scholastic has a general practice of infringing copyrights in its use of photographs in its publications.  While the lost licensing fee to any individual copyright holder is relatively small, Scholastic has sold and distributed millions of these publications, generating billions in revenue and profits.  Scholastic's business model, built on a foundation of pervasive and willful copyright infringement, has deprived numerous visual art licensors of their rightful compensation and unjustly enriched Scholastic with outlandish profits in the process.

26.     Scholastic has admitted unauthorized printings to other photography licensors, which illustrates its practice of systematically infringing copyrights in photographs.  For example, Scholastic employee Yvonne Silver admitted to photographer Gabe Palmer that it printed a reading program called READ 180 without obtaining permission to print at least some of the images in those products.  *See Palmer/Kane, LLC v. Scholastic, Corp.*, Case No. 1:11-cv-07456-KBF (Doc. 1, Complaint, filed October 21, 2011).

27.     A reasonable opportunity for discovery will show that Scholastic's pattern of infringing copyrights encompasses Lewine's Photographs.

28.     Upon information and belief, Scholastic exceeded the permitted uses under the terms of the limited licenses identified in Exhibit A, as well as other as yet undisclosed licenses issued by TSM, Corbis or other agencies to Scholastic for use of Lewine's images.

29.     When Scholastic copied, distributed and used the Photographs without authorization, Scholastic had a duty in equity and good conscience to disclose those uses.  This is especially so because Scholastic knew precisely when its use of the Photographs exceeded the applicable license limitations, or were used without any license, but Lewine had no such knowledge nor any

reason to assume Scholastic was being deceitful in the uses it was making of the Photographs.

30.     Upon information and belief, Scholastic used the Photographs without any permission in additional publications.  Because Scholastic alone knows about its other wholly unauthorized uses, Lewine cannot further identify them without discovery.

31.     Upon information and belief, Scholastic has conducted internal investigations of its uses beyond license limits, and Lewine's Photographs are among those Scholastic has so identified.

32.     Scholastic alone knows the full extent to which it has infringed Lewine's copyrights by unauthorized uses of the Photographs.  Information about Scholastic's uses of Lewine's photographs is not publicly available.  Despite this superior knowledge, Scholastic, the sole source of information about its unauthorized uses, refuses to disclose all of its uses of Lewine's photographs to Lewine.

### *Breaches of Contracts*

33.     Lewine's TSM Agreements (later assumed by Corbis) required the agencies to pay a portion of license fees they received for Lewine's images –  paid by licensors including Scholastic – to Lewine.  Additionally, upon information and belief, the license agreements between TSM, Corbis and Scholastic related to the Photographs specify that Lewine is the author of the Photographs and require Scholastic to credit Lewine in its textbooks.  Therefore, Lewine is a direct, intended beneficiary of all license agreements between Corbis and Scholastic related to the Photographs.

34.     TSM and Corbis were Lewine's licensing agents, and entered into the licenses with Scholastic as Lewine's agent for the purpose of licensing his photographs.

35.     Upon information and belief, under the Corbis-Scholastic license agreements, Scholastic is required to pay ten times the license fee for any unauthorized use of Lewine's images, in

addition to any other fees, damages, and penalties available to Lewine.  The terms and conditions in Corbis's End User License Agreements effective November 19, 2001 and June 2005, attached as <u>Exhibit C</u>, in virtually identical language, give Corbis the right "to bill [Scholastic] (and [Scholastic] hereby agree[s] to pay) ten (10) times the normal license fee for any unauthorized use, in addition to any other fees, damages, or penalties Corbis may be entitled to under this Agreement or applicable law."  Upon information and belief, these terms and conditions were incorporated into each Corbis-Scholastic license agreement relating to Lewine's images.

36.   On July 3, 2014, Lewine asked Scholastic to disclose its unauthorized uses so that Lewine could prepare a bill for ten-times the license fee.  Scholastic has not provided the requested information.

37.   Scholastic knows whether, and to what extent, it has violated the Corbis-issued licenses.  Despite this superior knowledge, Scholastic, the sole source of information about its unauthorized uses, refuses to disclose all of its uses to Lewine.

38.   Lewine (or his predecessor Corbis) has performed his part of the contracts and satisfied any condition precedent.  Scholastic has frustrated Lewine's ability to issue a bill for ten times the license fee for its unauthorized uses by refusing to disclose all of its unauthorized uses.

39.   Scholastic has breached the contracts by failing to pay the contractually agreed amount for exceeding material terms of the licenses, *i.e.,* refusing to pay the ten-times fees for its unauthorized uses of Lewine's images.

40.   All exhibits attached hereto are incorporated into this complaint by this reference.

## COUNT I
## COPYRIGHT INFRINGEMENT

41.   Lewine incorporates herein by reference each and every allegation contained in the paragraphs set forth above.

42. The foregoing acts of Scholastic constitute direct, contributory and/or vicarious infringements of Lewine's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq.*

43. Lewine suffered damages as a result of Scholastic's unauthorized use of the Photographs.

## COUNT II
## BREACH OF CONTRACT

44. Lewine incorporates herein by this reference each and every allegation contained in each paragraph above.

45. Scholastic entered into license agreements with Corbis relating to Lewine's images, including but not limited to the Corbis license agreements referenced in Exhibit A.

46. Lewine is an intended beneficiary of all license agreements between Corbis and Scholastic related to the Photographs. Upon information and belief, the license agreements between Corbis and Scholastic related to the Photographs specify that Lewine is the creator of the Photographs and require Scholastic to credit Lewine in its textbooks.

47. Corbis was Lewine's licensing agent, and entered into the licenses with Scholastic as Lewine's agent for the purpose of licensing its photographs.

48. Upon information and belief, Scholastic breached certain Corbis agreements referenced in Exhibit A dated on or after November 19, 2001 by failing to pay the contractually agreed amount for exceeding material terms of the licenses.

49. Lewine suffered damages as a result of Scholastic's breaches of contract. Upon information and belief, by the terms of certain Corbis agreements entered into by Scholastic, Scholastic is required to pay ten (10) times the license fee for any unauthorized use, in addition to any other remedies applicable under copyright law.

    WHEREFORE, Plaintiff requests the following:

    1. A permanent injunction against Defendant and anyone working in concert with it

from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit;

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiff's authorization;

3. An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs, or, where applicable and at Plaintiff's election, statutory damages;

4. An award of ten (10) times the license fee for any unauthorized use of photographs obtained under certain Corbis agreements referenced in Exhibit A, in addition to any other fees, damages, and penalties available to Plaintiff;

5. An award of Plaintiff's reasonable attorneys' fees, under the Copyright Act, by contract, or in equity;

6. An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law, by contract, or in equity;

7. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues permitted by law.

DATED:  July 21, 2015

        Plaintiff Robert Lewine, by its attorneys,

        <u>/s Christopher Seidman</u>
        Christopher Seidman (licensed in New York)
        Harmon & Seidman LLC
        101 S. Third Street, Suite 265
        Grand Junction, CO 81501
        (970) 245-9075
        Email: chris@harmonseidman.com

        Maurice Harmon, of counsel
        Harmon & Seidman LLC
        11 Chestnut Street
        New Hope, PA 18938
        (917) 561-4434
        maurice@harmonseidman.com

        Autumn Witt Boyd, of counsel
        Harmon & Seidman LLC
        P.O. Box 4932
        Chattanooga, TN 37405
        (423) 756-6013
        autumn@harmonseidman.com